UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RITURAJ SINGH PANWAR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| ACCESS THERAPIES, INC, | ) |
| RN STAFF INC, | ) |
| RAMON VILLEGAS, | ) |
| | ) |
| Defendants. | ) |
| | ) Case No. 1:12-cv-00619-TWP-TAB |
| _____ | ) |
| | ) |
| RN STAFF INC, | ) |
| | ) |
| Counter Claimant, | ) |
| | ) |
| vs. | ) |
| | ) |
| RITURAJ SINGH PANWAR, | ) |
| | ) |
| Counter Defendant. | ) |
| | ) |
| | ) |
| | ) |

## ORDER ON MOTION TO DISMISS

This matter is before the Court on Plaintiff Rituraj Singh Panwar's ("Mr. Panwar") Motion to Dismiss RN Staff Inc.'s ("RN Staff") Counterclaim (Dkt. 49). RN Staff's counterclaim alleges that Mr. Panwar's Amended Complaint constitutes an abuse of process because the allegations were for the purpose of circumventing the administrative process required by the Immigration and Nationality Act ("INA"). (Dkt. 44). For the reasons stated below, Mr. Panwar's motion to dismiss RN Staff's counterclaim (Dkt. 49) is **GRANTED**.

1

I.      **BACKGROUND**

Mr. Panwar, on behalf of himself and all others similarly situated, filed this lawsuit against RN Staff and other defendants for breach of contract, violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), violations of the Trafficking Victims Protection Act ("TVPA"), violations of Indiana statutory wage law and common law claims.  (Dkt. 1).  After being terminated from his employment, following the filing of this lawsuit, Mr. Panwar filed an Amended Complaint, adding a claim under the Fair Labor Standards Practices Act's ("FLSA") anti-retaliation provision.  (Dkt. 16).

Mr. Panwar is a citizen of India who worked for RN Staff under an H-1B visa, which enables corporations in the United States to hire foreign skilled labor.  Mr. Panwar alleges that the defendants were involved in a scheme to defraud H-1B employees of wages that the federal government requires defendants to pay under the H-1B visa program.  Rather than bringing his claims under the INA, Mr. Panwar alleges breach of contract and violations of wage statutes, RICO and the TVPA.

RN Staff filed an amended answer to Mr. Panwar's Amended Complaint, asserting a counterclaim for abuse of process.   (Dkt. 44).   The counterclaim alleges that "Panwar's allegations against RN Staff were made for the purpose of circumventing the administrative procedures and remedies of the Immigration and Nationality Act and its applicable rules and regulations."  Dkt. 44 at 27 ¶ 7.  RN Staff argues that Mr. Panwar's claims require adjudication under the INA, which requires exhaustion of administrative remedies prior to filing an action in district court; therefore, RN Staff argues, the claims in Mr. Panwar's Amended Complaint are an improper use of process.

## II.   LEGAL STANDARD

When reviewing a 12(b)(6) motion, the Court takes all well-pleaded allegations in the complaint as true and draws all inferences in favor of the non-moving party. *Bielanski v. Cnty. of Kane*, 550 F.3d 632, 633 (7th Cir. 2008) (citations omitted).  However, the allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citations omitted).  To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  Pleadings consisting of no more than mere conclusions are not entitled to an assumption of truth, including legal conclusions couched as factual allegations and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

## III.   DISCUSSION

RN Staff opposes Mr. Panwar's motion to dismiss on the basis that (1) Mr. Panwar must prove violations of the INA to prevail on his claims; (2) he does not have a private cause of action to enforce violations of the INA unless he has exhausted his administrative remedies; (3) Mr. Panwar's state claims are preempted; and (4) RN Staff properly pleaded its counterclaim for abuse of process.  Dkt. 54 at 1.  Of these four arguments, only one—that RN Staff properly

pleaded its counterclaim—bears any relevance to Mr. Panwar's motion to dismiss the abuse of process counterclaim. Most of RN Staff's brief—as well as Mr. Panwar's—focuses on what would be more properly addressed in a motion to dismiss Mr. Panwar's Amended Complaint, which has been separately filed (Dkt. 68) and will not be addressed as part of this Order. The issue presently before this Court is whether RN Staff has sufficiently pleaded its claim for abuse of process.

In Indiana, the tort of abuse of process consists of two elements: (1) ulterior motive, and (2) use of process that would not be proper in the normal prosecution of the case. *Watters v. Dinn*, 633 N.E.2d 280, 288 (Ind. Ct. App. 1994). "The gravamen of [abuse of process] is not the wrongfulness of the prosecution, but some extortionate perversion of lawfully initiated process to illegitimate ends." *Nat'l City Bank, Ind. v. Shortridge*, 689 N.E.2d 1248, 1252 (Ind. 1997), *supplemented sub nom. Nat'l City Bank, Ind. v. Shortridge*, 691 N.E.2d 1210 (Ind. 1998) (quoting *Heck v. Humphrey*, 512 U.S. 477, 486 n.5 (1994)). Under Indiana law, in order to prevail on an abuse of process claim, the plaintiff must have some evidence tending to show that the defendant used judicial processes for an end other than that for which it was designed. *Comfax Corp. v. N. Am. Van Lines Inc.*, 638 N.E.2d 476, 481 (Ind. Ct. App. 1994). "[T]he relevant inquiry [is] whether the complained-of acts were procedurally and substantively proper under the circumstances." *Reichhart v. City of New Haven*, 674 N.E.2d 27, 32 (Ind. Ct. App. 1996) (internal quotations omitted). Proof of improper motive alone is insufficient to proceed with an abuse of process claim; a plaintiff must establish that a defendant has employed an "improper 'process' before the court proceeds to an examination of the defendant's motive." *Id.* at 30.

The starting point for analysis of an abuse of process claim is to determine whether the defendant (in this case, the counter-defendant) employed an improper process, not the defendant's motivation in employing that process. *Id.* at 31. "A party's intent is irrelevant where his acts are procedurally and substantively proper under the circumstances." *Id.* RN Staff's counter-complaint makes the conclusory statement that the "claims raised and allegations made in this case were willful acts in the use of process not proper in the regular course of this proceeding." Dtk. 44 at 21 ¶ 9. However, RN Staff does not allege any facts that would demonstrate that the process itself was not proper, only that Mr. Panwar's motivation in attempting to circumvent the administrative procedures of the INA was not proper. *See CDW LLC v. NETech Corp.*, No. 1:10-cv-0530-SEB-DML, 2011 WL 3844160, at *6 (S.D. Ind. Aug. 26, 2011) (allegations in counterclaim related only to alleged ulterior motive, not the propriety of plaintiff's use of the judicial process).

Even assuming, for purposes of this Motion to Dismiss, that Mr. Panwar did file his Amended Complaint in an attempt to circumvent the administrative procedures of the INA, the filing of the Amended Complaint—the "process" in question—was used for its intended purpose, which was to initiate a lawsuit. *Cf. Bd. of Ed. of Farmingdale Union Free School Dist. v. Farmingdale Classroom Teachers Ass'n, Inc., Local 1889, ATF AFL-CIO*, 38 N.Y.2d 397 (N.Y. 1975) (abuse of process claim was properly brought where defendant issued subpoenas for 87 teachers to appear on the same day and refused to stagger those appearances, causing plaintiff school board to hire substitute teachers for numerous classes). The lawsuit has proceeded along its normal and intended course, including the filing of an answer and amended answer by RN Staff.

The issue of whether Mr. Panwar failed to exhaust his administrative remedies is an affirmative defense that must be proved by the defendant in a 12(b)(6) motion to dismiss, which is the proper mechanism to test the sufficiency of Mr. Panwar's Amended Complaint.  *See Williams v. Potter*, 2:06 CV 353, 2008 WL 4449549, at *2 (N.D. Ind. Sept. 25, 2008); *Alves v. Masters Entm't Grp., LLC*, 3:07-CV-305-TS, 2008 WL 4452145 (N.D. Ind. Sept. 30, 2008) (when a claim involves a comprehensive administrative scheme that a party is required to exhaust, courts will analyze the claim under Rule 12(b)(6)).  Finding that a failure to exhaust administrative remedies prior to filing a lawsuit also constitutes the tort of abuse of process would set a dangerous precedent and is not in line with the case law in Indiana.[1]

Thus, the Court finds that RN Staff has failed to plead facts showing that the filing of the Amended Complaint was done for a purpose other than that for which it was intended.  The fact that Mr. Panwar may have done so with ulterior or improper motives is irrelevant to this inquiry without a showing that a process was procedurally and substantively improper under the circumstances.[2]  "A regular and legitimate use of process, though with an ulterior motive or bad intention[,] is not a malicious abuse of process." *Brown v. Robertson,* 92 N.E.2d 856, 858 (Ind. Ct. App. 1950).  The sufficiency of Mr. Panwar's Amended Complaint is properly an issue for the defendants' motions to dismiss, not an abuse of process claim.

---

[1] Even alleging that a plaintiff failed to exhaust his administrative remedies is not automatic grounds for dismissing his claim.  "[E]xhaustion may be excused if: (1) requiring exhaustion of administrative remedies causes prejudice, due to unreasonable delay or an 'indefinite timeframe for administrative action'; (2) the agency lacks the ability or competence to resolve the issue or grant the relief requested; (3) appealing through the administrative process would be futile because the agency is biased or has predetermined the issue; or (4) where substantial constitutional questions are raised." *Iddir v. I.N.S.*, 301 F.3d 492, 498 (7th Cir. 2002) (citations omitted).  Thus, in very limited circumstances, a plaintiff could conceivably fail to exhaust his administrative remedies and still state a viable claim.

[2] Litigants who believe that a party has acted with improper motive are not completely without remedy in these situations.  Federal Rule of Civil Procedure 11 authorizes sanctions against a party or attorney who files frivolous pleadings, files pleadings for an improper purpose such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation, or makes allegations that they know have no basis in law or fact.  *See* Fed. R. Civ. P. 11(b); *Janky v. Bastitatos*, 259 F.R.D. 373, 377 (N.D. Ind. 2009); *Heartland Recreational Vehicles, LLC v. Forest River, Inc.*, No. 3:11-CV-250-JD, 2012 WL 4050301, at *10 (N.D. Ind. Sept. 12, 2012).

## IV.   CONCLUSION

For the foregoing reasons, Mr. Panwar's Motion to Dismiss RN Staff's counterclaim for abuse of process (Dkt. 49) is **GRANTED**.  RN Staff's Counterclaim (Dkt. 44) is **DISMISSED without prejudice**.

SO ORDERED.

Date: _01/28/2013_

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Andrew P. Wirick
HUME SMITH GEDDES GREEN &
SIMMONS
awirick@humesmith.com

Daniel Aaron Kotchen
KOTCHEN & LOW LLP
dkotchen@kotchen.com

Justin T. Ervin
KOTCHEN & LOW LLP
jervin@kotchen.com

Eamon F. Redmond
KOTCHEN & LOW, LLP
eredmond@kotchen.com

Michael F. Brown
PETERSON BERK & CROSS, S.C.
mbrown@pbclaw.com

G. John Cento
RILEY BENNETT & EGLOFF LLP
jcento@rbelaw.com

Jeffrey B. Fecht
RILEY BENNETT & EGLOFF LLP
jfecht@rbelaw.com

Bryce H. Bennett, Jr.
RILEY BENNETT & EGLOFF LLP
bbennett@rbelaw.com