UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RITURAJ SINGH PANWAR, MICHAEL RICHARD, and BAUTISTA AGUSTIN,<br><br>　　　　　Plaintiffs,<br><br>　　　v.<br><br>ACCESS THERAPIES, INC, RN STAFF INC d/b/a REHABILITY CARE, RAMON VILLEGAS, HARVINDER DHANI, and MANUEL GARCIA,<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 1:12-cv-00619-TWP-TAB<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### ENTRY ON MOTION TO DISMISS
### PLAINTIFFS' THIRD AMENDED COMPLAINT

This matter is before the Court on the Motion to Dismiss Plaintiff's Third Amended Complaint (Filing No. 168) filed by Defendants Access Therapies, Inc. ("Access Therapies"), RN Staff Inc., d/b/a Rehability Care ("RN Staff"), Ramon Villegas, Harvinder Dhani ("Mr. Dhani"), and Manuel Garcia ("Mr. Garcia") (collectively, "the Defendants"). On February 27, 2014, Plaintiffs Rituraj Singh Panwar ("Mr. Panwar"), Michael Richard, and Bautista Agustin ("Mr. Agustin") (collectively, "the Plaintiffs") filed a Third Amended Class Action Complaint (Filing No. 161) against Defendants on behalf of themselves and all others similarly situated alleging violations of the Trafficking Victims Protection Act, 18 U.S.C., §§ 1589-90, 1595 ("Trafficking Act"), the Indiana Statutory Wage Law, Ind. Code § 22-2-5-2 ("Indiana Wage Law"), and claims under Indiana common law for breach of contract. The Court previously denied the Defendants' motion to dismiss these claims but granted their motion with respect to all other claims in Mr. Panwar's Second Amended Class Action Complaint (Filing No. 129).

Defendants again seek to dismiss the Plaintiffs' Trafficking Act claim, this time asserting the Court would lack subject matter jurisdiction over the Plaintiffs' state law claims if the federal Trafficking Act claim were to be dismissed. For the reasons set forth below, the Defendants' Motion is **DENIED**.

## I.     BACKGROUND

The relevant facts in Plaintiffs' Third Amended Class Action Complaint ("Third Amended Complaint") (Filing No. 154-2) are the same as those set forth in Mr. Panwar's Second Amended Class Action Complaint ("Second Amended Complaint") (Filing No. 63), and are recounted in detail in the Court's order on Defendants' previous Motion to Dismiss (Filing No. 129, at ECF p. 2-7). In summary, Plaintiffs are foreign nationals allowed to work in the United States as H-1B non-immigrant workers, employed in specialty occupations under the Immigration and Nationality Act. Plaintiffs allege the Defendants violated the Trafficking Act, the Indiana Wage Law, and breached their employment contracts through a scheme in which Defendants underpaid employees working under H-1B visas ("H-1B Employees") by not paying them when Defendants had no client work to assign to the H-1B Employees, ("benched time" or "benching"), and failed to pay H-1B Employees their contracted rate of pay. Further, when H-1B Employees complained about their employment or pay, Plaintiffs allege the Defendants would threaten the H1-B Employees with substantial penalties under the terms of a promissory note, revocation of their visas and deportation, and other serious harm.

Defendants filed a Motion to Dismiss Mr. Panwar's Second Amended Complaint (Filing No. 68), which this Court granted in part and denied in part. The Court dismissed Mr. Panwar's claims brought under the Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. § 1962(c), the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and claims brought under

Indiana common law for unjust enrichment (Filing No. 129). Mr. Panwar then filed a motion for leave to file an amended complaint to join additional parties, including adding Mr. Agustin as an additional class representative, and two additional defendants, Mr. Dhani, Chief Operating Officer for Access Therapies and RN Staff, and Mr. Garcia, Vice President of Access Therapies and RN Staff. The Third Amended Complaint also removed the dismissed counts. *See* Filing No. 154-2. No substantive changes were made to the remaining claims. Thereafter, Defendants filed the instant motion, advancing the same as well as additional arguments in favor of dismissing the Plaintiffs' Trafficking Act claims.

## II.   DISCUSSION

### A.   Trafficking Act Claim

Although Defendants caption their motion as a motion to dismiss, they acknowledge that the Court has already ruled upon a motion to dismiss Plaintiffs' Trafficking Act claim. Rather, Defendants' motion asks the Court to "reconsider its prior ruling in light of the arguments raised for the first time" in their brief in support of the instant motion. Filing No. 169, ECF p. 4. Thus, the Court will treat Defendants' motion as a motion to reconsider under Federal Rule of Civil Procedure 54(b), not a motion to dismiss under Rule 12(b)(6).

Motions to reconsider serve a very limited function, and are to be used "where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Davis v. Carmel Clay Sch.*, 286 F.R.D. 411, 412 (S.D. Ind. 2012) (quoting *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)) (additional quotations omitted). The parties may not introduce evidence previously available but unused in the prior proceeding or tender new legal theories. *See In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996);

*Bally Export Corp. v. Balicar Ltd.*, 804 F.2d 398, 404 (7th Cir. 1986). A court may grant a motion to reconsider where a movant demonstrates a manifest error of law or fact, and it is not an occasion to make new arguments. *In re Prince,* 85 F.3d at 324; *Granite St. Ins. Co. v. Degerlia*, 925 F.2d 189, 192 n.7 (7th Cir. 1991). A motion to reconsider may also be appropriate where there has been "a controlling or significant change in the law or facts since the submission of the issue to the Court." *Bank of Waunakee*, 906 F.2d at 1191 (additional citations omitted).

Defendants have not satisfied the standard for a motion to reconsider. They admit in their brief that they are asking the Court to reconsider its prior ruling in light of new arguments not raised in their first motion to dismiss, not on the basis that the Court made a manifest error of law or fact or that a significant change in the law has occurred. A motion to reconsider is not intended to be a "second bite at the apple" in which a party is allowed to address arguments that it should have raised earlier. *Solis v. Current Dev. Corp.*, 557 F.3d 772, 780 (7th Cir. 2009). Because Defendants are asking the Court to reconsider its ruling for reasons outside of this restrictive standard, their Motion to reconsider is **DENIED**.

Defendants also ask the Court to dismiss portions of Plaintiffs' Third Amended Complaint relating to the "benching" claim in Mr. Panwar's Second Amended Complaint. As previously stated, the Court has already issued a ruling on the merits with respect to this claim, thus there is no need to issue a second ruling on the matter. Any factual assertions related to "benching" allegations are to be construed as being offered in support of the Plaintiffs' remaining claims. Accordingly, to the extent Defendants seek to dismiss Plaintiffs' "benching" claim under Rule 12(b)(6), that motion is **DENIED as moot**.

**B.     State Law Claims**

Defendants also ask the Court to dismiss Plaintiffs' state law claims, arguing that, should the Court dismiss the Plaintiffs' federal claims, the Court would then lack an independent basis for subject matter jurisdiction.  Specifically, Defendants argue that the class members are not permitted to aggregate their claims to reach the minimum jurisdictional amount of $5,000,000.00 for diversity jurisdiction purposes.

This argument fails for two reasons.  First, Defendants' argument assumes that the Court will dismiss Plaintiffs' federal law claims which, as discussed above, is not warranted.  As such, the Court may still exercise pendent jurisdiction over the state law claims.  *See* 28 U.S.C. § 1367.  Second, Defendants ignore 28 U.S.C. § 1332(d)(6), which states in relevant part that "[i]n any class action, the claims of the individual class members *shall be aggregated* to determine whether the matter in controversy exceeds the sum value of $5,000,000." (emphasis added).  Thus, there is no basis for claiming that the class plaintiffs may not aggregate their damages to reach the jurisdictional threshold in this case.  Therefore, the motion to dismiss the state law claims on this basis is **DENIED**.

### III.     CONCLUSION

For the forgoing reasons, the Defendants' Motion to Dismiss (Filing No. 168) is **DENIED**.

**SO ORDERED.**

Date: ___06/25/2014___

*[Signature]*

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

G. John Cento
CENTO LAW LLC
cento@centolaw.com

Michael F. Brown
DVG LAW PARTNER LLC
mbrown@dvglawpartner.com

Andrew P. Wirick
HUME SMITH GEDDES GREEN & SIMMONS
awirick@humesmith.com

Daniel Aaron Kotchen
KOTCHEN & LOW LLP
dkotchen@kotchen.com