UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RITURAJ SINGH PANWAR, MICHAEL RICHARD BAUTISTA AGUSTIN, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:12-cv-00619-TWP-TAB |
| vs. | ) ) ) | |
| ACCESS THERAPIES, INC, RN STAFF INC doing business as REHABILITY CARE, RAMON VILLEGAS, HARVINDER DHANI, MANUEL GARCIA, RAMON VILLEGAS, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

.

## ENTRY ON MOTION FOR SANCTIONS

This matter is before the Court on a Motion for Sanctions filed by Plaintiffs, Rituraj Singh Panwar ("Mr. Panwar") and Michael Richard Bautista Agustin ("Mr. Agustin"). ([Filing No. 166](#)). Plaintiffs seek additional sanctions under Federal Rule of Civil Procedure 37 against Defendants, Access Therapies, Inc., RN Staff (d/b/a/ Rehability Care), Ramon Villegas, Harvinder Dhani, Manuel Garcia, and Ramon Villegas, for failure to produce e-mails from current and former employees and for allegations of witness tampering.

On March 3, 2014, the Court adopted Magistrate Judge Tim Baker's Report and Recommendation ([Filing No. 155](#)) on Plaintiffs' first motion for sanctions ([Filing No. 97](#)), awarding Plaintiffs $28,431.42 to be paid by Defendants within 60 days of the order. ([Filing No. 162](#)). In the Report and Recommendation, the Magistrate Judge found that Defendants had not

complied with the Court's order to produce documents responsive to Plaintiffs' discovery request, including the e-mail correspondence from current and former employees that are again at issue in the current motion. However, the Magistrate Judge found that the extreme sanctions of default judgment and an adverse inference of fact were not warranted, and also reduced the attorneys' fees requested in the motion by 80%. ([Filing No. 155](), pp. 12-19). Approximately two weeks after the District Judge adopted the Report and Recommendation, Plaintiffs filed the present motion for sanctions, again requesting default judgment and an adverse factual inference previously denied by the Court.

Plaintiffs now argue that Defendants engaged in witness tampering by instructing employees not to respond to Defendants' counsel's e-mail request for the production of e-mails between the employees and Defendants. However, this e-mail request from counsel was sent on April 26, 2013, and Plaintiffs allege that the alleged witness tampering occurred "shortly thereafter." This conduct occurred ten months prior to the issuance of the Magistrate Judge's Report and Recommendation on the motion for sanctions, and eight months before the order was adopted by the District Judge. Defendants have already been sanctioned in connection with the failure to produce the e-mails in question, so it would not be appropriate to issue additional sanctions under Rule 37(b)(2) for the failure to produce these same documents and for conduct that occurred prior to the Court's ruling on the first motion for sanctions. Plaintiffs did not even give Defendants sufficient opportunity to further comply with the Court's order on the motion for sanctions before filing this second motion for sanctions.

Even if the Court considers the allegations that Defendants engaged in witness tampering separate from their failure to produce responsive documents in discovery, the Court still finds that sanctions are not warranted. First, Plaintiffs have not sufficiently proven that Defendants actually

engaged in witness tampering. Plaintiffs only submit two unsworn declarations containing hearsay as evidence indicating that an employee of Access Therapies instructed them to not respond to the e-mail request from Defendants' counsel. (Filing No. 167-2; Filing No. 167-4). There is insufficient evidence to show that the reason Plaintiffs did not receive e-mails from 83 of the 84 employees contacted was due to Defendants instructing them not to respond. Plaintiffs have not shown that there was willful conduct on the part of the Defendants sufficient to warrant additional sanctions.

Second, and more importantly, the failure to receive the requested documents did not prejudice Plaintiffs, as the relevance of these documents has ultimately been rendered moot by the Court's prior rulings. *See Salmeron v. Enter. Recovery Sys., Inc.*, 579 F.3d 787, 797 (7th Cir. 2009) ("A district court certainly can consider the extent of the prejudice to the opposing party when determining an appropriate sanction."). Plaintiffs argue that the e-mails were necessary in order to identify class members, determine their employment wage liability start dates, and in calculating damages. However, the Court has already ruled that the Plaintiffs cannot satisfy the requirements for class certification and could only pursue their individual claims against Defendants. (Filing No. 199). Obtaining these documents would not have changed the outcome of the Court's ruling on class certification, as the Court found that, based upon the employees' documents that were submitted, the proposed class lacked typicality and ascertainability. *See* Filing No. 199, at ECF p. 12 ("Mr. Panwar's and Mr. Agustin's claims appear to be unmanageable as a class action.") In addition, the Court has already dismissed Plaintiffs' claims based on allegations that they were not paid for "benched" time, also rendering this information irrelevant. (Filing No. 129).

For the forgoing reasons, Plaintiffs' Motion for Sanctions (Filing No. 166) is **DENIED**.

SO ORDERED.

Date: 3/25/2015

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Michael F. Brown
DVG LAW PARTNER LLC
mbrown@dvglawpartner.com

G. John Cento
CENTO LAW LLC
cento@centolaw.com

Daniel Aaron Kotchen
KOTCHEN & LOW LLP
dkotchen@kotchen.com

Andrew P. Wirick
HUME SMITH GEDDES GREEN & SIMMONS
awirick@humesmith.com,lwhite@humesmith.com